**Michael Esparza DOMANSKI, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Samuel Douglas WEST, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 755–83, 067–84.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 11, 1987.

Reynaldo S. Cantu, Jr., Dist. Atty., and Kirk Brush, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State in No. 755–83.

Randy Schaffer (on appeal only), Houston, for appellant West.

John B. Holmes, Jr., Dist. Atty., and Ray Elvin Speece and Dick Bax, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State in No. 067–84.

**OPINION ON MOTIONS FOR REHEARING ON COURT'S OWN MOTIONS**

PER CURIAM.

In our original opinion in *West v. State*, 702 S.W.2d 629 (Tex.Cr.App.1986) we rejected appellant's argument that the State's petition for discretionary review had been untimely filed, and proceeded to the merits of the State's petition. Ulti-

mately we reversed the judgment of the court of appeals and reinstated the judgment of conviction in the trial court.

Subsequently, in *Domanski v. State*, 725 S.W.2d 717 (Tex.Cr.App.1986), in virtually identical circumstances, we upheld the State's contention that appellant's petition for discretionary review had been untimely filed. We granted rehearing on our own motion in both causes in order to address this discrepancy.[1]

We now adhere to our holding on original submission in *Domanski, viz:* that the fact that the sixteenth day after the delivery of an opinion in the court of appeals happens to fall on a Saturday, does not extend the "final ruling" of the court of appeals, see Tex.Cr.App. Rule 209(c)(1), to "the end of the next day which is neither a Saturday, Sunday, nor [any] legal holiday" under Tex. Cr.App. Rule 7, for purposes of computing the exact calendar day when thirty days for filing a petition for discretionary review begins to run. As we observed on original submission in *Domanski:*

> "There is no valid reason for thus extending a final ruling of a court of appeals. Nothing is to be done on or after the day of final ruling except timely to file a petition for discretionary review. The rules do not purport to guarantee thirty working days in which to prepare and file it. Regardless of what day of the week the final ruling falls, that day should be used to compute the thirty days in which to do so."

Accordingly, both the State's petition for discretionary review in *West v. State*, our cause number 067–84, and appellant's petition for discretionary review in *Domanski v. State*, our cause number 755–83, are hereby refused as untimely filed.[2] All of our prior opinions in *West v. State*, supra, are withdrawn.

TEAGUE, Judge, concurring.

Occasionally, this Court errs, but through our system of checks and balances it is usually able to quickly cure any errors that this Court might have made in the past in a given case. Today, we partly cure the error that was committed when this court decided *West v. State*, 702 S.W.2d 629 (Tex.Cr.App.1986). We erred in *West*, supra, when we refused to grant the appellant's motion to dismiss the State's petition for discretionary review because it was untimely filed. Today, the Court orders that the State's petition for discretionary review in *West* is refused as untimely filed. However, I find this order insufficent. Although from a practical standpoint, the opinion in *West* cannot be withdrawn, this Court should expressly disapprove everything stated in that opinion.[1]

I write because I do not believe that the majority opinion has sufficiently clarified the situation and explained why the Court is acting as it does today.

On January 8, 1986, this Court in *West v. State*, with only Judge Clinton dissenting on the issue, erroneously rejected the defendant *West's* contention that the State's petition for discretionary review was untimely filed and thus should be dismissed. The basis for the defendant's contention was the following: The decision of the court of appeals in that cause was handed down on November 17, 1983. The time for the filing of a motion for rehearing was within 15 days after that date, or until

---

1. Mandate issued in *West* on January 24, 1986, but was recalled by this Court on February 27 of that year.

2. We observe that in petitions for discretionary review for which the new Texas Rules of Appellate Procedure supply the filing deadline (See our Order Implementing the Texas Rules of Appellate Procedure in Criminal Cases, delivered September 22, 1986), the particular question before us in these causes should never arise. Tex.R.App.Pro Rule 202(b) provides that:

> "(b) The original petition shall be filed with the Clerk of the Court of Appeals which delivered the decision *within 30 days after the day the judgment is entered* or within 30 days after

the day the last timely motion for rehearing is overruled." (Emphasis supplied.)

Thus, computation of the 30 days begins directly from the day the court of appeals' decision is entered, rather than 30 days after that decision becomes a "final ruling" as defined by prior Tex.Cr.App. Rule 209(c)(1). Obviously the court of appeals will rarely enter a decision on a "Saturday, Sunday [or] legal holiday," see now Tex.R.App.Pro. Rule 5(a).

1. Except perhaps, for reasons stated therein, everything that I stated in the dissenting opinion that I filed in *West,* supra.

December 2nd, but the State, which became the moving party because the court of appeals had reversed the judgment of the trial court, chose not to file a motion, as was its perogative. Under the then rules, the ruling of the court of appeals became final on December 3rd. Thus, the State then had 30 days from December 3rd, or until January 2nd in which to file its petition for discretionary review, which was 30 days after the final ruling of the court of appeals occurred. However, it did not file its petition on that date, but filed its petition on January 4th. The State's petition was untimely filed by two days. Thus, *West* was wrongly decided and at least eight judges who were then on this Court were apparently asleep at the switch when it was voted on. The defendant's motion to dismiss the State's petition for discretionary review should have been granted. Today, this Court orders that the State's petition is refused as being untimely filed. Given the fact that more was decided in *West*, supra, than whether the State's petition was untimely filed, the entire opinion should be expressly disapproved. Cf. fn. 1, supra.

It is now apparent to me that where the Court went wrong in *West*, supra, was when it excluded applicable times at the commencement when an act had to be done or performed rather than excluding applicable times at the end of the period.

On May 7, 1986, this Court held in *Domanski v. State, supra*, that the defendant's petition for discretionary review was refused because it had been timely filed. The above decision of *West* was not mentioned in *Domanski*, supra, which if it had been might have perhaps alerted the other members of this Court why this Court was holding as it did in *Domanski*, supra, which was just the opposite of what it had held in *West*, supra.

In *Domanski*, supra, the opinion of the court of appeals was handed down on June 16, 1983. The defendant did not file a motion for rehearing, which was due to be filed on July 1st. The ruling of the court of appeals thus became final on July 2nd, a Saturday. The time for the filing of a petition for discretionary review commenced on that date, even though it was a Saturday. Saturdays are excludable only when the end of the period of time falls on a Saturday. Thus, the appellant, who became the moving party because the court of appeals had affirmed the trial court's judgment of conviction, had to file his petition on or before 30 days from July 2nd, or on or before August 1st. However, he did not file his petition until August 4th. Thus, this Court, on its own motion, correctly holds that the appellant's petition for discretionary review is refused as having been untimely filed.

For all of the above reasons, I concur.