Villarreal v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-003-CR

     JESSIE TREVINO VILLARREAL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 20,653-361
                                                                                                    

O P I N I O N
                                                                                                    

      Jessie Trevino Villarreal was indicted on September 12, 1991, for the felony offense of theft
of property having a value over $750 and less than $20,000. On October 25, he pled guilty to the
offense and was sentenced to eight years in the Institutional Division of the Texas Department of
Criminal Justice. Under a plea-bargain agreement, the court probated the sentence for eight years. 
One of the conditions of probation, authorized by the Texas Code of Criminal Procedure, was that
Villarreal complete 300 hours of community service. See Tex. Code Crim. Proc. Ann. art.
42.12, § 11(a)(10) (Vernon Supp. 1993). Terms and conditions of Villarreal's probation were not
part of the plea bargain. 
      Villarreal's sole argument on appeal is that the court erred in failing to make a pronouncement
in open court of the "added" condition, which deprived him of an opportunity to withdraw his plea
of guilty. He contends that he did not expect community service as a condition of his probation
and that the court's imposition of the condition rendered his plea of guilty involuntary. For two
reasons we will affirm.
VILLARREAL FAILED TO PRESERVE ERROR 
      A party is required to present to the trial court a timely request, objection, or motion and
obtain a ruling thereon to preserve a complaint for appellate review. Tex. R. App. P. 52(a).
Assuming that the "added" condition was improper, Villarreal did nothing to bring his complaint
to the attention of the trial court. He did not object to the condition or request to withdraw his
plea, and he never filed a motion for new trial to allow the trial court to correct any alleged error.
      Although Rule 30(b) enumerates nine situations in which a new trial must be granted, that list
is not exhaustive. State v. Evans, No. 1306-91 (Tex. Crim. App. Dec. 16, 1992); Tex. R. App.
P. 30(b). The drafters of Rule 30(b) intended for a trial court to have the discretion to consider
matters not enumerated in the statute. Id. Whether the court could or could not add the condition
of probation without breaching the plea-bargain agreement, and whether the failure to announce
the condition precluded Villarreal from withdrawing his guilty plea are precisely the types of
issues the drafters had envisioned should be raised in a motion for new trial. Bringing complaints
to the attention of the trial court promotes judicial economy and the purpose of Rule 30(b) because
it allows the trial court to correct any errors without the need for appeal and remand. As
Villarreal took no action to preserve his complaint, there is nothing before this court for appellate
review. See Tex. R. App. P. 52(a).
 VILLARREAL ACQUIESCED TO THE CONDITIONS OF PROBATION
      Even if Villarreal had properly preserved his complaint, we would still affirm. Villarreal
relies on Fielder v. State, which held that a condition not agreed to by the defendant rendered the
guilty plea involuntary. See Fielder v. State, 834 S.W.2d 509, 516 (Tex. Crim. App. 1992). 
However, in Fielder, part of the plea bargain included an agreement that the defendant would not
serve jail time. In this case there was no such agreement. Villarreal bargained for probation, and
he got probation. During the sentencing hearing, the judge admonished Villarreal as follows:
THE COURT: However, I will suspend the penitentiary time, and you will be
placed on probation for a period of eight years. Now, while you are being placed on
probation, there are certain terms and conditions which you will be expected to comply
with. You need to make sure that you understand each and every condition, because if
you violate just one of these conditions, then upon proper proof and evidence to the
Court, that probation may be revoked and you may be going to the Institutional Division
at that time. Do you understand?
DEFENDANT VILLARREAL: Yes, ma'am.
      Villarreal then signed the judgment, which included 300 hours community service clearly
marked as a condition of probation. Villarreal's signature appeared in two places on the judgment
directly beneath the following statements: "I acknowledge receipt from the Clerk of a copy of my
conditions of probation," and "I acknowledge that a Probation Officer of Brazos County and the
Courts has explained the conditions of my probation, and I understand them."
      By signing the judgment and affirming that he was aware of the terms and understood them,
Villarreal acquiesced in the conditions contained in the judgment and cannot now complain of
them.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 17, 1993
Do not publish