No. 04-97-00155-CR


Enrique SAMANIEGO
,

Appellant


v.


The STATE of Texas
,

Appellee


From the 63rd Judicial District Court, Val Verde County, Texas

Trial Court No. 7962

Honorable George M. Thurmond, Judge Presiding


Opinion by: Karen Angelini, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: July 31, 1998


AFFIRMED



Nature of the Case


 Enrique Samaniego pled guilty to the felony offense of driving while intoxicated. Pursuant
to a plea bargain, the court assessed punishment at six years confinement and suspended imposition
of the sentence. The court placed Samaniego on community supervision for six years and ordered
participation in a felony substance abuse program. The court also ordered Samaniego to serve 180
days in jail as a condition of community service. In his first issue on appeal, Samaniego argues that
the evidence was insufficient to support his guilty plea. In the second issue, Samaniego alleges that
his guilty plea was not entered knowingly and with sufficient awareness of the relevant
circumstances and likely consequences.

Argument

 In order to appeal from a guilty plea for a nonjurisdictional defect, the notice of appeal must
specify that the trial court granted permission to appeal or specify that the matter was raised by a
written pre-trial motion. Tex. R. App. P. 40(b)1.(1) Because Samaniego filed only a general notice
of appeal, we have no jurisdiction to consider whether sufficient evidence existed to support the
guilty plea. We dismiss Samaniego's first issue for want of jurisdiction.

 However, we may address Samaniego's claim that his plea was not entered knowingly. See
Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996) (voluntariness of guilty plea can be
addressed through general notice of appeal). Samaniego alleges that his plea of guilty was not a
knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely
consequences. Samaniego signed a document entitled "Agreed Punishment Recommendation"
which stated that it was agreed and recommended to the Court by the State and the defendant that
punishment would be assessed at six years confinement. The sentence would be suspended and
Samaniego would be placed on community supervision and would be confined for felony substance
abuse treatment. Special conditions such as shock probation, confinement in the county jail, and
restitution were listed at the bottom of the document. However, none of these conditions were
checked off for Samaniego.

 At the plea hearing, the judge advised Samaniego of his rights. The court found that
Samaniego freely and voluntarily entered his plea of guilty. The court found Samaniego guilty and
assessed the agreed punishment. As a condition of community supervision, the court required
Samaniego to serve 180 days in the county jail. Samaniego argues that the jail time was not a part
of the plea agreement and the court failed to discover the extent of the plea and accept it or reject it.

 Jail time is a condition of community supervision authorized by article 42.12 of the Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art 42.12 § 12(a) (Vernon Supp. 1998). A
defendant convicted of felony DWI must serve at least 10 days of confinement in the county jail as
a condition of community supervision. Id. § 13(a)(1). Because the documents Samaniego signed
did not explicitly state "no jail time" and the court otherwise has authority to set conditions of
community supervision, the court did not fail to discover the extent of the plea bargain. See Fielder
v. State, 834 S.W.2d 509, 511 (Tex. App.--Fort Worth 1992, pet. ref'd). The court accepted the plea
bargain and imposed the authorized condition of jail time.

 Samaniego argues that his case is similar to the Fielder case. Fielder, 834 S.W.2d at 509.
In Fielder, after jail time was imposed as a condition of community supervision, the defendant
immediately stated that jail time was not her understanding of the plea bargain. Id. at 510. A motion
to reconsider the sentence or to withdraw the plea was filed. At the hearing on this motion, the
defendant testified that she would not have entered the plea if she had known she could have gotten
jail time. Id. at 512. The prosecutor even testified that the understanding was that the defendant
would not receive jail time. Id. at 513. The court found that the plea was involuntary because the
defendant had no notice that jail time was a consequence of her plea bargain. Id. at 514-15.

 In this case, there is no evidence in the record that Samaniego was unaware of the
consequence of receiving jail time as a condition of community supervision. Further, the record does
not show that had Samaniego known he could receive jail time, he would not have pled guilty. Thus,
no evidence exists to show that his plea was not entered knowingly. We overrule Samaniego's
second issue.

 We affirm the judgment.

 Karen Angelini, Justice
 DO NOT PUBLISH


1. Because the notice of appeal was filed prior to September 1, 1997, the former rule 40(b)(1) applies. The
current Rule of Appellate Procedure applicable to notices of appeal from plea
bargains is Rule 25.2(b)3.



Return to
4th Court of Appeals Opinions