STATE of Texas, Relator,

v.

**The Hon. Robert GARZA, Judge of the 138th Judicial District of Cameron County, Texas, Respondent.**

**No. 13–86–041–CV.**

Court of Appeals of Texas, Corpus Christi.

April 10, 1986.

Supplemental Opinion April 17, 1986.

Mervyn M. Mosbacker, Asst. Dist. Atty., Brownsville, for relator.

Thomas Sharpe, E. Dale Robertson, Robertson & Nunez, Brownsville, for respondent.

Before NYE, C.J., and UTTER, and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

The State of Texas, through its District Attorney, the Honorable Ben Euresti, Jr., of Cameron County, Texas, petitions this Court for a writ of mandamus to compel the Honorable Robert Garza, Judge of the 138th District Court, to include a certain condition in a probation judgment. The matter is before this Court by authority of the Texas Constitution, article 5, section 6, and TEX.GOV'T CODE, § 22.221(b) (Vernon Pamphlet 1986). *State of Texas v. Honorable Mike Westergren,* 707 S.W.2d 260 (Tex.App.—Corpus Christi, 1986).

Ryan Gary Fancher was indicted for involuntary manslaughter under TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1974). This provision of the Penal Code makes it an offense to cause the death of an individual, by accident or mistake, when operating a motor vehicle while intoxicated. A jury found Fancher guilty and assessed punishment at ten years in the Texas Department of Corrections and a fine of $5,000.00. The jury recommended that the imposition of sentence be suspended and that he be placed on probation for ten years.

On December 12, 1985, the trial court entered judgment in accordance with the jury's verdict on punishment. The trial court, in its probation judgment, set forth seventeen probationary conditions. A condition that Fancher serve not less than 120 days confinement in a penal institution *was not* included among the probationary conditions. Article 42.12, § 6b(c) of the Texas Code of Criminal Procedure provides:

> A court granting probation to a defendant convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, [involuntary manslaughter] *shall* require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days (emphasis added).

Upon the State's request, the trial court set a hearing to determine whether Fancher should be required to serve a minimum of 120 days in a penal institution as a condition of probation. At the hearing, counsel for the State and Fancher presented differing views as to whether art. 42.12, § 6b(c), above set out, applied to cases where the jury assesses the punishment.

At the conclusion of the hearing the trial court ruled, "I'm not going to order that he do 120 days."

■ The State, as it did in the trial court, argues in its petition for mandamus that art. 42.12, § 6b(c) requires the trial court to set a period of confinement as a condition of probation whether punishment is assessed by the trial court or by the jury. The defendant argued in the trial court that the language of § 6b(c) that "a court granting probation" referred only to situations where the court assessed punishment.

TEX.CODE CRIM.PROC.ANN. art. 42.-12, § 3a(a) is clear. It provides, in part, that in all eligible cases, "probation shall be *granted by the court,* if the *jury recommends* it in their verdict, for the period recommended by the jury."

Thus, by its terms § 3a(a) states that the *trial court grants probation* even where the jury is the fact-finder at punishment, and it is the trial court that sets the conditions of probation even when a jury recommends probation for a convicted defendant. Although references to probation being "granted by the jury" are made in art. 42.12, § 3a(b), that section itself refers to conditions of probation which may be imposed by the trial court under § 6a and § 6b, sections which make repeated reference to "a court granting probation."

It would be incongruous for us to hold that the phrase, "a court granting probation" refers only to cases where the court assesses punishment. Article 42.12, § 6b(c) unmistakably requires the trial court to include in its probation judgment a condition that Fancher submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days.

■ In response to the State's petition for mandamus, the respondent argues that, even if he was required to include the disputed probationary condition in his judgment, mandamus is not the proper remedy because the trial court retains the power to modify conditions of probation during the probationary term, and that he need not

order the defendant to submit to confinement until he feels that it is appropriate. Respondent also argues that, since the State can file a motion to modify the conditions of probation, the State has an adequate remedy other than mandamus. We disagree with respondent.

■ While it is true that the trial court could, at some later date, modify the terms of probation, the legislature's intent is clear. The legislature requires a period of confinement as a condition of probation. Since this requirement can be effectively implemented only if the condition appears in the initial probation judgment, art. 42.12, § 6b(c) requires the confinement condition to be an initial condition of probation. The legislature promulgated these changes with regard to intoxicated drivers in 1983. It is up to the courts to carry out this mandate. *See* Acts 1983, 68th Leg. p. 1568, ch. 303, § 11.

Since the condition should have been included in the probationary judgment and since the trial court has refused to do so, we will grant the State's requested relief and will order the trial court to include as a condition of probation that Fancher serve a period of detention in a penal institution for not less than 120 days if the probationary judgment is not modified instanter.

### SUPPLEMENTAL OPINION

Following the issuance of the above opinion, the trial court entered the following order modifying the conditions of probation:

### ORDER MODIFYING PROBATION CONDITIONS

The Judgment of Probation signed for entry herein December 12, 1985, is hereby modified as follows:

In addition to all of the terms and conditions of probation set out in such judgment there is added the following condition:

Said probation and suspension of imposition of said sentence shall be additionally conditioned that defendant during the entirety of the term of probation shall:

(r) probationer shall be required to submit to the Cameron County Jail to serve a term of confinement of one hundred twenty (120) days, said confinement dates to be determined by the Court at a subsequent hearing;

All of the terms and conditions of the probation judgment signed for entry herein on December 12, 1985, shall remain in full force and effect.

The probation department is directed to cause probationer to appear forthwith to receive and acknowledge a copy of this order of modification.

SIGNED FOR ENTRY: April 15, 1986.

/s/ Robert Garza
Judge Presiding

Since the trial judge has now included in the probationary judgment as a condition of probation that Defendant Fancher serve a period of detention in a penal institution for nor not less than 120 days, it is not now necessary for us to issue our writ of mandamus.

The application for such writ is hereby DISMISSED.