Charles Herbert MILLS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–122–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 25, 1990.

Rehearing Overruled Nov. 21, 1990.

J.A. Canales, Nancy M. Simonson, Canales & Simonson, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty's. Office, Sinton, for appellee.

Before BENAVIDES, KENNEDY and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Pursuant to a plea bargain, appellant was convicted of driving while intoxicated. Punishment was assessed at confinement for two years in the county jail and a fine of $2,000. The jail time was probated.

In his first two points of error, appellant contends that his guilty plea was not intelligently and voluntarily entered because there was a material misunderstanding of the plea-bargain terms and because the plea was entered on the erroneous advice of counsel. In point three, he contends that the trial court should have allowed him to withdraw his plea. All three points concern whether appellant's bargain for "probation" was violated when the trial court required appellant, as a condition of probation, to serve ten days in the county jail.

Since all three points concern substantially the same issue, we will set forth the facts in detail before addressing appellant's individual contentions. Appellant was indicted and prosecuted for felony DWI. After a jury could not reach a verdict, appellant was granted a new trial. Before a new trial began, however, the parties reached a plea agreement. The parties did not reduce the agreement to writing. Instead, the parties orally informed the judge of the terms of the bargain in open court.

The prosecutor told the judge that the State had agreed to proceed on the lesser included offense of "DWI—subsequent offense" rather than felony DWI; to dismiss another DWI case pending before the grand jury; and to recommend as punishment two years' confinement in the county jail and a $2,000 fine. Defense counsel agreed with this statement of the bargain but added that appellant was to be placed on probation. The Court asked appellant personally if those terms were his understanding of the bargain, and appellant indicated that they were. The trial court accepted the plea of guilty and assessed punishment and granted probation in accordance with the agreement.

The trial court then instructed the probation officer to read appellant the terms and conditions of probation. A person convicted of "DWI—subsequent offense" must serve, as a condition of probation, ten days in jail. Tex.Code Crim.Proc.Ann. art. 42.12 § 13(a)(1) (Vernon Supp.1990). When the probation officer got to this condition, appellant's counsel complained that confinement was "not the plea bargain" and requested the State or Court to suspend that condition. The trial court stated that it did not have a right to suspend it. *See generally State v. Garza,* 709 S.W.2d 18, 19–20 (Tex.App.—Corpus Christi 1986, orig. proceeding). The prosecutor stated that the condition was mandatory and that the plea agreement mentioned nothing about the terms of probation.

After some discussion, the court asked appellant if he could do the time on weekends. Appellant said, "no." After some

more discussion, counsel asked for permission to withdraw the plea, stating he had failed to advise appellant that he would have to do jail time. Counsel then stated that appellant wanted to withdraw his plea and that the court should not take the plea if the State wanted to play tricks. After a series of exchanges between counsel and the court during which the court never ruled on appellant's motion to withdraw the plea, appellant's counsel asked the court to allow appellant to serve the time on weekends. Appellant then said that was his business time. It had earlier been mentioned that appellant owned a restaurant. After more discussion, appellant's counsel asked if the court would allow appellant to select one day a week to serve his time. The court agreed to allow appellant to enter jail each week on Sunday and leave on Monday until the ten-day probationary confinement was discharged. The trial court never explicitly ruled on counsel's several requests to allow appellant to withdraw the plea. Appellant did not file a motion for new trial.

In his first point of error, appellant contends that the plea was involuntary because there was a misunderstanding of the plea bargain terms. After reviewing the plea hearing record, it is apparent that appellant's counsel and the State never explicitly discussed the conditions of probation and that appellant's counsel never told appellant that jail time was a condition of probation. Nonetheless, the trial court placed appellant on probation for the offense, thereby following the plea agreement. We believe that, despite counsel's failure to discuss the probationary terms with appellant, appellant has not shown that the plea was involuntary.

■ Initially, we point out that if a plea agreement fails to address certain matters, a party to an agreement has no right to demand performance of terms not appearing in the agreement or record. *Ex parte Williams,* 758 S.W.2d 785, 786 (Tex. Crim.App.1988) (trial court could enter affirmative finding on use of deadly weapon because plea agreement was silent on this matter). Appellant bargained for proba-

tion and received probation. There is no showing in the record that he bargained for any particular probationary condition.

In a similar case, the Austin Court of Appeals has held that a lawyer's failure to inform a defendant of the minimum jail provision for driving while intoxicated did not render a plea involuntary where the defendant did not assert that she was promised total probation. *Medford v. State,* 766 S.W.2d 398, 400–402 (Tex.App.— Austin 1989, pet. ref'd). Despite appellant's counsel's complaints, this record does not show that appellant personally ever expected "total" probation. Appellant never claimed that "total" probation was an element of the bargain, as we believe he must in order to prevail. *See generally Ex parte Hairston,* 766 S.W.2d 790, 792 (Tex. Crim.App.1989) (defendant must show that parole eligibility date was element of bargain to prevail if parole eligibility date advice was erroneous). This record does not show that appellant did not receive what he bargained for or that he misunderstood the terms of the bargain. Appellant's first point of error is overruled.

■ In his second point, appellant contends that the plea was involuntary because counsel rendered erroneous advice. Actually, the record shows not that counsel gave erroneous advice but that counsel failed to advise appellant on the probationary conditions. However, this omission implicates the effectiveness of counsel. Thus, it is appellant's burden to prove that counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Pool,* 738 S.W.2d 285, 286 (Tex.Crim. App.1987). While we believe that counsel should have informed appellant about the probation condition, we do not find that this record shows that appellant "would not have pleaded guilty and would have insisted on going to trial." As we noted in *Torres v. State,* 788 S.W.2d 709, 712–713 (Tex.App.—Corpus Christi 1990, no pet.), ineffective assistance claims often may not be adequately reviewed on direct appeal

**450**

because the record is not sufficiently developed through the trial proceedings. Our review of the record indicates that appellant never personally objected to serving a ten-day probationary jail term. Appellant's only complaint was that he not serve it on weekends because of his restaurant business. Our review also shows that once the trial court agreed to allow appellant to serve his time when the restaurant was closed, appellant had no complaint about the probationary condition and did not thereafter ask to withdraw his plea. The appellant never advised the court that he would not have pleaded guilty but for counsel's failure to advise him of the probationary condition, or that he would not have pleaded guilty if he had known of the ten-day confinement condition, and we are unable to determine that he would not have pleaded guilty. Under the circumstances here appellant has not shown that he would not have pleaded guilty, and his second point of error is overruled. .

In his third point, appellant contends that the trial court erred in refusing to allow appellant to withdraw his plea. As noted above, although counsel requested to withdraw the plea several times, the trial court never ruled on the request. Instead the trial court discussed the mandatory ten-day jail condition with appellant and ultimately they agreed to terms whereby appellant could serve the time in fractions each week. Generally, to preserve a complaint for appellate review, the trial court must explicitly rule on a defendant's complaint. *See Darty v. State,* 709 S.W.2d 652 (Tex.Crim.App.1986); Tex.R.App.P. 52(a). We find that appellant abandoned his request and that he has failed to preserve this complaint for appellate review. Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.