cr5-224.dd.camacho 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00224-CR







Albert Camacho, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 94-275-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM


 Albert Camacho pled guilty to felony driving while intoxicated after the district
court denied his motion to quash the indictment and transfer the case to county court. On appeal,
he challenges the court's denial of those motions as well as its refusal to let him withdraw his
guilty plea. We will affirm the judgment.

 Camacho was arrested on March 25, 1994 for driving while intoxicated and
charged with felony DWI. The State based this charge on two prior convictions for DWI, one
in 1984 in Williamson County and one in 1988 in Burnet County. Camacho moved to quash the
indictment and transfer jurisdiction to a misdemeanor court. He contended that the prior
Williamson County indictment was dismissed before a final judgment of conviction was entered. 
He pled guilty, but was placed on probation. The judgment stated:



It is CONSIDERED, ORDERED AND ADJUDGED that the finding of guilty
herein shall not be final, and that no judgment be rendered thereon, and that
Defendant be, and is hereby placed on probation in this cause for a period of
twenty-four months from this date . . . .



In December 1986, the court dismissed him from probation on the State's motion. He also
attacked the Burnet County conviction as void or voidable. Without two valid, final, prior
convictions, the instant offense could not be a felony.

 The court denied appellant's motions and he pled guilty pursuant to a plea bargain. 
He complained in his motion for new trial that the sentence imposed exceeded that for which he
bargained. After a hearing, the motion for new trial was overruled by operation of law.



DISCUSSION


 By his first point of error, Camacho contends that the trial court erred by failing
to grant his motion to quash and transfer. (1) After he filed his appeal, the court of criminal appeals
decided this issue against him in State v. Rosenbaum, 910 S.W.2d 934, 948 (Tex. Crim. App.
1994) (opinion on rehearing by McCormick, P.J., of December 6, 1995, adopting as opinion of
the court prior dissenting opinion by Clinton, J., written on original submission). In that case,
the court held that pretrial motions to quash were inappropriate to contest an element of the
offense in the indictment on which evidence would have to be heard; this was true even if the
issue was one of law to be decided by the court. Rosenbaum, 910 S.W.2d at 948 (opinion by
Clinton, J.) (issue of materiality of perjured testimony). The court held that indictments could
be tested facially, but not by evidence at pretrial. Id. Our holding in Mitchell v. State survives
Rosenbaum because the Mitchell indictment was facially invalid. Mitchell v. State, 821 S.W.2d
420, 422-23 (Tex. App.--Austin 1991, pet. ref'd) (DWI indictment could not be enhanced to felony
by prior DWI conviction under North Carolina law because statute required prior convictions
under Texas statute). This distinction does not aid Camacho because the indictment in this case
facially met the statutory requirements. Camacho's motions to quash and transfer depended on
the pretrial consideration of evidence to determine the finality of the prior judgment. Since the
court could not consider such evidence pretrial, it did not err by denying the motions. We
overrule point one.

 By his remaining two points of error, Camacho contends that the trial court erred
by not letting him withdraw his plea. If the court rejects any part of the plea agreement between
the State and the defendant, the court must allow the defendant the option of withdrawing his plea. 
Tex. Code Crim. Proc. Ann. art. 26.13(a)(3) (West 1989). A trial court cannot accept a guilty
plea unless the defendant is mentally competent and the plea is free and voluntary. Tex. Code
Crim. Proc. Ann. art. 26.13(b) (West 1989). We will review the plea process before determining
whether error occurred.

 The written plea agreement provided that the State would recommend as follows
(the underlined portion was underlined in the agreement): 



5 years ID-TDCJ, probated and a $1000.00 fine, DL suspended for 2 years, 30
days jail, weekend CSR [Community Service Restitution], State agrees to allow
defendant to appeal pretrial motion to quash only. (If probation is recommended,
the Defendant understands that the Court has the discretion to impose any
reasonable conditions of probation not in the plea agreement.)

Camacho and his attorney signed the agreement. The prosecutor and the court also signed it,
stating that they consented to and approved it.

 The court asked Camacho several questions at the January plea hearing to
ascertain whether the plea was statutorily valid. In response, Camacho told the court that his plea
was voluntary, that he read and wrote English, and that he understood the court's admonitions. 
He testified that he understood the rights he was waiving regarding trial. He had read,
understood, and signed the plea agreement. He said he understood that, as a condition of his
probation he would "serve 30 days in jail and [his] Weekend Community Service Restitution
program." He said he understood that the judge ultimately decided the conditions of probation
and that, if the judge followed the specific conditions of the plea agreement, the judge could "go
beyond those conditions and add other conditions" that Camacho might not like. He also assented
when the prosecutor asked if he understood "that we have no agreement between you and me or
your attorney as to what ruling the Judge may or may not give on that." At the close of the plea
hearing the prosecutor read the State's recommended sentence, which included "30 days in jail
to be served on the weekend."

 At sentencing in March, the State and the court asked more questions to ascertain
whether the plea was valid. A different prosecutor attended and assented when the court asked
if the agreement was for thirty consecutive days in jail. The court then sentenced him to jail for
thirty consecutive days; if, at the end of that time, he had not been transferred to the in-patient
alcohol-abuse treatment center, the court would consider letting him out on bond. Camacho
requested a bond hearing regarding the jail time, but did not contend that the plea agreement was
violated by the consecutive-day jail sentence.

 A third prosecutor appeared at the bond hearing a week later. When Camacho
complained regarding the thirty consecutive days in jail, the court stated that it was a condition
of probation. The court stated that the alcohol rehabilitation program required thirty days'
sobriety prior to admission and theorized that this requirement might have motivated the sentence. 
The court made no specific ruling on Camacho's complaint, but denied bond.

 At the hearing on the motion for new trial, Camacho testified that when he pleaded
guilty he understood that he would have to serve thirty days in jail, but not consecutively; he
understood that he would serve it gradually, one weekend day at a time. He testified that the
weekend service was an essential part of the agreement because he would lose his job if jailed for
a month. He was nevertheless jailed and lost his job.

 Camacho did not preserve error on the consecutive-day complaint at any stage
before the motion for new trial. The general rule is that, to preserve a complaint for appellate
review, a party must present to the trial court a timely request, objection, or motion and obtain
a ruling thereon. Tex. R. App. P. 52(a); Mills v. State, 799 S.W.2d 447, 450 (Tex. App.--
Corpus Christi 1990, pet. ref'd). Camacho did not object to the imposition of the jail term of
thirty consecutive days during the sentencing hearing. He complained at the bond hearing, but
did not obtain a ruling on that complaint. We cannot reverse for any error at these hearings.

 We review the denial of a motion for new trial for an abuse of discretion. 
Appleman v. State, 531 S.W.2d 806, 810 (Tex. Crim. App. 1976); State v. Daniels, 761 S.W.2d
42, 44 (Tex. App.--Austin 1988, pet. ref'd). Jail confinement in conjunction with substance abuse
treatment programs are acceptable conditions of probation or community supervision. See Tex.
Code Crim. Proc. Ann. art. 42.12 §§ 12, 14 (West Supp. 1996). (2) If a plea agreement fails to
address certain matters, a party to that agreement has no right to demand performance of terms
not appearing in the agreement or record. Mills, 799 S.W.2d at 449; but see Fielder v. State, 834
S.W.2d 509, 511-13 (Tex. App.--Fort Worth 1992, pet. ref'd) (though agreement did not explicitly
prohibit court from imposing jail time or fine as condition of probation, court abused discretion
by refusing to allow defendant to withdraw plea when court knew at sentencing that defendant did
not think jail time or fine was possible under plea agreement). The plea agreement explicitly
noted that the court could impose any reasonable condition of probation not in the plea agreement. 
Even if the first prosecutor accurately described the plea agreement at the close of the plea
hearing, neither the agreement nor the statements prohibited the court from imposing consecutive
days' imprisonment. Unlike in Fielder, the record shows no shock or objection at the sentencing
to the imposition of consecutive-day jail service. The trial court was in a far better position than
we to discern whether Camacho needed to be incarcerated to comply with the thirty-day sobriety
requirement of the rehabilitation program. Because the agreement did not expressly or impliedly
exclude consecutive-days' incarceration and because the incarceration was not unreasonable, we
cannot say that the court erred in refusing to let him withdraw his plea for this alleged divergence
from the agreement. Nor can we say that the court abused its discretion in rejecting the motion
for new trial. We overrule points two and three.


 We affirm the judgment.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 17, 1996

Do Not Publish
1. Camacho pled guilty on the understanding that he could appeal this decision.
2. As currently written, article 42.12 has two sections 14. We refer here to the second
of these which deals with substance abuse treatment.



been transferred to the in-patient
alcohol-abuse treatment center, the court would consider letting him out on bond. Camacho
requested a bond hearing regarding the jail time, but did not contend that the plea agreement was
violated by the consecutive-day jail sentence.

 A third prosecutor appeared at the bond hearing a week later. When Camacho
complained regarding the thirty consecutive days in jail, the court stated that it was a condition
of probation. The court stated that the alcohol rehabilitation program required thirty days'
sobriety prior to admission and theorized that this requirement might have motivated the sentence. 
The court made no specific ruling on Camacho's complaint, but denied bond.

 At the hearing on the motion for new trial, Camacho testified that when he pleaded
guilty he understood that he would have to serve thirty days in jail, but not consecutively; he
understood that he would serve it gradually, one weekend day at a time. He testified that the
weekend service was