Robert Lee **KINNEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 04–97–00383–CR to 04–97–00385–CR.

Court of Appeals of Texas, San Antonio.

May 20, 1998.

Jorge G. Aristotelidis, San Antonio, for Appellant.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before LÓPEZ, STONE and DUNCAN, JJ.

## OPINION

LÓPEZ, Justice.

Robert Lee Kinney was indicted on one count of theft ($1,500–$20,000) in Cause No. 96–CR–1300, a second count of theft ($1,500–$20,000) in Cause No. 96–CR–1301, and a third count of theft ($1,500–$20,000) in Cause No. 96–CR–1302. Under the terms of a plea bargain, Kinney pled *no contest to two of the* indictments in exchange for dismissal of the third indictment and the prosecutor's recommendation for deferred adjudication. The trial court accepted Kinney's pleas, deferred adjudication, and placed Kinney on probation for four years. Kinney now appeals the trial court's order deferring adjudication. Because he does not have the trial court's permission to appeal, Kinney is limited on appeal to those issues addressed by pretrial motion, jurisdictional issues and the voluntariness of his plea.[1]

In his first issue, Kinney contends the trial court erred in denying his request to withdraw his plea. Kinney is referring to an application for writ of habeas corpus that he filed after he pled no contest, but before the trial court placed him on probation, and the resulting proceeding. Kinney argues that although no one verbalized his request to withdraw his plea when the application was presented to the trial court, the intent of everyone involved in the proceeding was to withdraw the plea. In response, the State relies on Kinney's failure to ask to withdraw his plea, and argues that, because he did not ask to withdraw his plea, Kinney should not be permitted to make this complaint on appeal. We agree.

In his application, Kinney asserted that his prosecution was barred by articles 28.061 and 32.01of the Code of Criminal Procedure because he was arrested and released on bond during the March–April, 1995 term of the court, without being indicted during the May–June, 1995 term. Kinney further asserted, that although the State dismissed the charges in July, 1995 for insufficient evidence, he was indicted for the same criminal transactions in the cause numbers that are the subject of this appeal. Because he contended the indictments were untimely under articles 28.061 and 32.01, the application

---

1. *See* Tex.R.App. P. 25.2(b)(3) (old Rule 40(b)(1)) (setting forth instances where criminal defendant can appeal after pleading guilty or nolo contendere); *Watson v. State,* 924 S.W.2d 711, 713–14 (Tex.Crim.App.1996) (relying on *Dillehey v. State,* 815 S.W.2d 623 (Tex.Crim.App.1991), to interpret article 44.01(j) of Code of Criminal Procedure to limit an appeal of an order deferring adjudication as specified in Rule 40(b)(1) of old rules of appellate procedure); *Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996) (determining that defendant who pleads guilty pursuant to plea bargain agreement may still contest voluntariness of plea on appeal); *Davis v. State,* 870 S.W.2d 43, 49 (Tex.Crim.App.1994) (stating that defendant who pleads guilty pursuant to plea bargain agreement is entitled to appeal only with permission of trial court or to appeal issues raised by pretrial motion).

asked the trial court to dismiss the prosecution in the later cause numbers.

Kinney presented the application when he returned to the trial court for sentencing. To support the application, Mr. Aristotelidis, who represented Kinney the first time he was arrested, accompanied Kinney to court. Upon presenting the application, Kinney's attorney, Ms. Gardner, stated that "the Application speaks for itself." Then, Aristotelidis stated the following:

> If I may briefly explain, Judge. In March 6th of '95, Mr. Kinney was arrested for the three exact offenses. And the case was never indicted because two terms of the Court followed his arrest. In July '96, Margaret Upton, who was the prosecutor back then, dismissed the case for insufficient evidence. And, in any event, Judge, the time table does require. It wasn't until March of '96, that he was indicted for the same three charges, so we filed a writ. And it's the same property, Judge, he was indicted for. That the prosecution of these charges is barred by Article 32.01 and Section 28.071 of the Court [sic] of Criminal Procedure, Your Honor. And that's what—and I brought that to the attention of Ms. Gardner, who is now the attorney of record, for these charges. But it came to my attention, he was coming back for the same charges, Judge. He was in Houston. So, we needed to file something for disposition right along these matters. And that's why I'm here today, Judge. He is no longer my client, but I can testify to the facts, since I was there with him.
>
> THE DEFENDANT: He was. The first time I went to Court—
>
> THE COURT: I understand, but he is not your lawyer and he can't speak in your behalf.
>
> MS. GARDNER: No, he's not. He's just explaining what happened.
>
> THE COURT: I understand. I'm denying you a hearing. Do you have anything to say on your own behalf prior to my passing sentence upon you?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Ms. Gardner?
>
> MS. GARDNER: No.

> THE COURT: I'm going to grant his application for deferred adjudication, place him on probation for four years. Fine him one thousand dollars in each case. Order restitution, fifteen thousand dollars—$15,800 dollars to Rittimann Plumbing. $6,426.34 to State Farm. $25,938.99 to Amerisure PIA, Inc.

Kinney contends that a motion to withdraw his plea was implicit in this colloquy. But we disagree. Kinney, perhaps, should have asked to withdraw his plea, but he did not and neither did his attorney. We overrule this issue.

■ In his second issue, Kinney argues that the orders deferring adjudication should be reversed because they were rendered involuntary as a result of his lawyer's ineffective assistance. Kinney complains that although applying for a writ of habeas corpus was appropriate to obtain relief, Gardner did not file the application until the work-day prior to sentencing or obtain a hearing on the application. In addition, Gardner failed to file a pretrial motion to dismiss the indictment. Without the motion to dismiss, Gardner failed to preserve error on the claim underlying Kinney's application.

■ Whether an attorney provided effective assistance is determined using the test set out in *Strickland v. Washington*, 466 U.S. 668, 698–99, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Holland v. State*, 761 S.W.2d 307, 314 (Tex.Crim.App.1988) (following standard established in *Strickland* to determine effectiveness of trial counsel); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex.Crim.App. 1986) (adopting *Strickland* test in Texas). Under *Strickland*, the appellant must show that (1) his attorney's performance was deficient, and (2) that the deficient performance prejudiced the defense to such a degree that he was deprived of a fair trial. *See Holland*, 761 S.W.2d at 314 (reiterating *Strickland* test for ineffective assistance of counsel). Whether an attorney provided effective assistance is to be determined as of the time of trial, not through hindsight. *See Stafford v. State*, 813 S.W.2d 503, 506 (Tex.Crim.App. 1991); *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim.App.1986).

In the instant case, only hindsight can render Kinney's plea involuntary. When Kinney entered his plea, he stated that his plea was voluntary and was apparently satisfied with Gardner's representation. Gardner cannot be faulted for failing to file a motion to challenge the indictments prior to Kinney's plea if she did not know of the earlier charges. Once she learned of the earlier charges and the possibility that prosecution might be barred, Gardner took appropriate steps by applying for a writ of habeas corpus. Even if she had filed a motion to withdraw Kinney's plea along with the application, the request would have come too late. Once the trial court takes a case under advisement, the decision to permit a defendant to withdraw his plea is within the discretion of the trial court. *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App.1979) (stating that after trial court takes a case under advisement, withdrawal of plea is within discretion of trial court). At the point Kinney contends he asked to withdraw his plea, the presentence investigation had been completed and Kinney was present for sentencing, and thus the decision to withdraw the plea would have been within the discretion of the trial court. *See Harling v. State*, 899 S.W.2d 9, 12 (Tex. App.—San Antonio 1995, pet. ref'd) (determining that motion to withdraw plea was untimely because case had been reset for presentence investigation). Considering the fact that the trial court denied a hearing on Kinney's application, it is unreasonable to believe the court would have permitted Kinney to withdraw his plea. Even if Kinney could show that his attorney's performance was ineffective, he would still be unable to show that the result of the proceeding would have been different with more effective assistance. As a result, we overrule this issue.

Having overruled both of Kinney's issues, we affirm the trial court's order.