**Robert Allen HEILIGMANN and Wayne C. Heiligmann, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–97–00242–CR through 04–97–00245–CR.**

Court of Appeals of Texas, San Antonio.

Aug. 19, 1998.

Verna Victoria Langham, San Antonio, for appellant.

Mary Beth Welsh, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

OPINION

LOPEZ, Justice.

Robert Allen Heiligmann and Wayne C. Heiligmann were charged, in two indictments each, with felony theft aggregation.[1] In each case, Robert and Wayne pled no contest to their respective indictments pursuant to plea bargains. Under the terms of the agreements, the State recommended punishment at ten years confinement with the sentence in each case to run concurrently with the sentence in the other case. The State also recommended that Robert and Wayne be required to pay restitution to the victims of the offenses and agreed to remain silent on applications for deferred adjudication and probation. The trial court accepted the plea agreements, but denied the applications. The trial court then sentenced both Robert and Wayne to ten years confinement. In these two appeals, Robert and Wayne contend that they should be permitted to withdraw their pleas because the State did not keep its agreements to remain silent on their applications for probation and because they received ineffective assistance of counsel. Taken together, we construe these issues as challenging the voluntariness of their pleas, and thus we have jurisdiction to consider their arguments.[2]

Robert and Wayne first complain that the State breached the plea agreements by calling two witnesses to testify during the hearing on their applications for deferred adjudication and probation. During this hearing, Robert and Wayne testified about statements contained in the presentence investigation (PSI) reports that they contended were untrue. Specifically, they contested statements made by Michael Rayleigh and John Bailey. After Robert and Wayne testified, the State called Rayleigh and Bailey to attest to the truthfulness of their statements. According to Robert and Wayne, these actions served as a breach of the plea agreements because the testimony by Rayleigh and Bailey bolstered the unfavorable information already contained in the PSI report. Although not clearly articulated in their briefs, we understand Robert and Wayne to argue that the State's actions rendered their pleas involuntary and as a result, they contend they are entitled to withdraw their pleas.

A defendant has the right to withdraw his plea if the State breaches the plea bargain agreement. *See Gibson v. State,* 803 S.W.2d 316, 318 (Tex.Crim.App.1991). In this case, the plea agreements required the State to remain silent on the applications for probation and deferred adjudication. According to Robert and Wayne, the State's agreement to remain silent was broken because Rayleigh's testimony introduced new charges into the proceeding. Despite this contention, however, Rayleigh's testimony is clearly rebuttal testimony.

For example, Rayleigh apparently stated in the PSI report that Robert had stolen tens of thousands of dollars in cash, parts, tools and equipment from his company.[3] Robert

1. Robert Heiligmann was charged by indictment in Cause Nos. 95–CR–3683–A and 95–CR–3684–A; Wayne Heiligmann was charged in Cause Nos. 95–CR–3683–B and 95–CR–3684–B. Cause Nos. 95–CR–3683–A and 95–CR–3684–A are the subjects of Appeal Nos. 04–97–00242–CR and 04–00243–CR. Cause Nos. 95–CR–3683–B and 95–CR–3684–B are the subjects of Appeal Nos. 04–97–00244–CR and 04–97–00245–CR.

2. *See* Tex.R.App. P. 25.2(b)(3) (former Rule 40(b)(1)) (setting forth instances where criminal defendant can appeal after pleading guilty or nolo contendere); *Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996) (determining that

defendant who pleads guilty pursuant to plea bargain agreement may still contest voluntariness of plea on appeal); *Davis v. State,* 870 S.W.2d 43, 49 (Tex.Crim.App.1994) (stating that defendant who pleads guilty pursuant to plea bargain agreement is entitled to appeal only with permission of trial court or to appeal issues raised by pretrial motion).

3. We use the term "apparently" because our comments are based on testimony contained in the Reporter's Record for the hearing on the applications for probation and deferred adjudication; the PSI report is not included in the appellate record.

testified at the hearing that this statement was untrue. In response, Rayleigh testified about why and how he believed Robert stole from him. Rayleigh's PSI statement also referred to a scheme by which he asserted that Robert stole 15 vehicles from his business. Regarding this statement, Robert testified that Rayleigh had asked him to obtain a buyer for several vehicles and that he had done so at Rayleigh's request. Rayleigh in turn attested to the truth of his statement in the PSI report. Rayleigh also asserted in the PSI report that Robert owed him $150.00 for a new dealer's license. Robert testified that he had never obligated himself to pay for a new dealer's license. In rebuttal, Rayleigh testified that as a result of Robert's actions, his business had been ruined, forcing him to obtain a new dealer's license at a cost of $150.00. Rayleigh also maintained in the PSI report that Robert owed him for a judgment awarded to Alamo Auto Auction. Robert testified that he did not know what this claim referred to. Rayleigh then testified about the judgment. At the conclusion of the State's rebuttal testimony, the trial court asked for argument. To this call, the State replied: "Your Honor, the plea bargain called for the State to remain silent."

The above discussion demonstrates that the State used its witnesses for rebuttal purposes. The State obviously anticipated that Robert and Wayne might contest statements contained in the PSI report and had its witnesses available to attest to the truthfulness of statements contained therein. But to construe the State's actions as breaking the plea agreements would require us to hold that the State is not permitted to refute a defendant's challenges to a PSI report. While the law clearly gives a defendant the right to testify about a purported factual inaccuracy in a PSI report, *see Borders v. State*, 846 S.W.2d 834, 836 (Tex.Crim.App.

1993), the law does not preclude the State from attesting to the truthfulness of the report in response to the defendant's challenge. As a result, we find that the State did not breach the agreements. Because the State did not breach the agreements, we conclude that the pleas were not rendered involuntary, and that Robert and Wayne are not entitled to withdraw their pleas. We overrule this issue.

In their next three issues, Robert and Wayne contend that they received ineffective assistance of counsel. We have jurisdiction to consider a claim of ineffective assistance of counsel only to the extent the complaint relates to the voluntariness of the pleas. Robert and Wayne complain that their attorney failed to object to Bailey's testimony as impermissible victim impact testimony, and that Rayleigh's testimony developed into a conflict of interest in the attorney's representation of both Robert and Wayne. Because they do not contend that their attorney caused them to enter their pleas involuntarily,[4] and because we determined above that the State's actions did not render their pleas involuntary, we have no jurisdiction to consider these claims.

Having overruled the first issue, we affirm the convictions.

4. Although Robert and Wayne may have entered their pleas with the expectation of probation, a plea is not rendered involuntary simply because the defendant did not receive probation, even where that expectation resulted from advice of counsel. *See West v. State*, 702 S.W.2d 629, 633 (Tex.Crim.App.1986)(about possibility of probation, agreeing that plea is not involuntary just because sentence exceeds what defendant expected even if the expectation was raised by attorney); *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex. App.—San Antonio 1996, pet. ref'd) (determining that appellant cannot claim his plea was involuntary just because he received jail time instead of probation); *Crawford v. State*, 890 S.W.2d 941, 945 (Tex.App.—San Antonio 1994, no pet.) (stating that even if counsel told his client that he believed he would be given probation, such advice would not render the plea involuntary).