No. 04-98-00062-CR



Pete Martinez MARTINEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 94-CR-6880


Honorable Susan D. Reed, Judge Presiding



Opinion by: Catherine Stone, Justice 


Sitting: Catherine Stone, Justice 

 Paul W. Green, Justice 

 Karen Angelini, Justice 


Delivered and Filed: May 26, 1999


AFFIRMED


 In November of 1994, Pete Martinez Martinez plead guilty to murder. The trial court
sentenced Martinez to 45 years in prison and assessed a $1,000 fine. Martinez contends on appeal
that his plea was involuntarily entered due to ineffective assistance of counsel as counsel had a
conflict of interest in representing him. We find that this argument lacks merit and affirm the
judgment of the trial court.

Factual History

 Martinez originally hired Roy Barrera, Jr. to represent him in this case. Roy Barrera, Jr., a
former Bexar County District Judge, had sentenced Martinez on the convictions forming the basis
of the enhancement paragraphs in the indictment. During his representation, Roy Barrera, Jr.
suggested that Martinez hire his father and brother, Roy Barrera, Sr. and Bobby Barrera. Following
this advice, Martinez's family hired and paid fees to the Nicholas & Barrera law firm in July of 1997,
but also paid fees to Roy Barrera, Jr. as late as October of 1997. Martinez testified that Roy Barrera,
Jr. continued to participate in the firm's representation of him.

Voluntariness of the Plea

 Because the trial court did not grant Martinez permission to appeal, our review of this case
is limited to the issue of voluntariness of the plea, those issues raised in pretrial motions, and
jurisdictional issues. See Tex. R. App. P. 25.2(b)(3); Kinney v. State, 974 S.W.2d 296, 297 (Tex.
App.--San Antonio 1998, no pet.). See also Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim.
App. 1996) (holding that defendant who pleads guilty pursuant under a plea bargain agreement may
still contest voluntariness of plea on appeal).

 Martinez's claim that ineffective assistance of counsel caused an involuntary plea can be
summarized as follows: 1) a conflict of interest existed because Roy Barrera, Jr., initially hired to
represent Martinez, was the sitting trial judge who had previously sentenced Martinez in an included
enhancement; 2) this conflict extended to Roy Barrera, Sr. and Robert Barrera because all three
attorneys were members of the same firm; 3) because the enhancement paragraphs were not
thoroughly researched, defects were not discovered, thereby causing the offer by the State in the plea
agreement to be inflated; and 4) Martinez was misinformed about the length of time he would have
to serve before he was eligible for parole. We will consider each claim in turn, guided by the well-established rules governing ineffective assistance of counsel allegations. See Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986).

Conflict of Interest

 Martinez first argues that his plea was involuntary because Roy Barrera, Jr. never
communicated to Martinez that a conflict of interest existed in his representation of Martinez. In
1985, Roy Barrera, Jr. granted shock probation to Martinez on the offense of aggravated assault with
a deadly weapon. Martinez asserts that this created a conflict of interest because if Roy Barrera, Jr.
had continued to represent Martinez at trial, he would have had to choose between advancing
Martinez's interest or advancing his own interest by not challenging his own prior judgment. Further,
Martinez notes that even though Barrera, Jr. turned the case over to his brother and father, this
conflict of interest extended to their firm as he was a member of the firm.

 "In order for a defendant to demonstrate a violation of his right to the reasonably effective
assistance of counsel based on a conflict of interest, he must show (1) that defense counsel was
actively representing conflicting interests, and (2) that the conflict had an adverse effect on specific
instances of counsel's performance." Ex parte Morrow, 952 S.W.2d 530, 538 (Tex. Crim. App.
1997). An actual conflict of interest arises when counsel is required to make a choice between
advancing his client's interest in a fair trial or advancing other interests to the detriment of his client's
interest. Id. We also note that "[w]hen a defendant enters his plea upon the advice of counsel and
subsequently challenges the voluntariness of that plea based on ineffective assistance of counsel, the
voluntariness of such plea depends on (1) whether counsel's advice was within the range of
competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable
probability that, but for counsel's error, he would not have pleaded guilty and would have insisted
on going to trial." Id. at 536.

 Martinez contends that Barrera's conflict of interest had an adverse effect on counsel's
performance as shown in counsel's failure to have the enhancement paragraphs set aside. Martinez
notes that both paragraphs were defective and accordingly Martinez could not have been
"habitualized." Martinez argues that had he been made aware of this, he would not have plead guilty
and would have insisted on going to trial.

 Martinez relies on Texas Disciplinary Rule of Professional Conduct 1.06(b) which provides
that a lawyer "shall not represent a person if the representation of that person reasonably appears to
be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to
a third person or by the lawyer's or law firm's own interests." Tex. Disciplinary R. Prof.
Conduct 1.06(b)(2) (1990), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G. app. A (Vernon
1998). Further, "[i]f a lawyer would be prohibited by this Rule from engaging in particular conduct,
no other lawyer while member or associated with that lawyer's firm may engage in that conduct."
Id. § (f). The rule also provides that a lawyer may represent a client in the above mentioned
circumstances if: "(1) the lawyer reasonably believes that the representation of each client will not be
materially affected; and (2) each affected or potentially affected client consents to such representation
after full disclosure of the existence, nature, implications, and possible adverse consequences of the
common representation and the advantages involved, if any." Id. § (c).

 The State introduced a document signed by both Martinez and his father in October 1997
which provided in part: "that Roy R. Barrera, Jr. in due course of the investigation of said cause
determined that he sat as a Judge and sentenced the said Pete Martinez, Jr. in a prior criminal case
which is now charged as a part of the habitual allegation against Pete Martinez, Jr.; and . . . such fact
did disqualify the said Roy R. Barrera, Jr. in the representation of the said Pete Martinez, Jr. . . . ."
Roy Barrera, Sr. testified that prior to having Martinez and his father sign the agreement, he explained
to them that these would be the terms of their representation. Thus, any conflict of interest on the
part of the Barreras was waived by Martinez and his father when they signed the consent form and
were informed of the situation. Further, Martinez's claim that he was not fully informed of the
consequences of the conflict is irrelevant since the State waived the enhancement paragraphs, the
source of the conflict. Martinez has not presented any evidence to support his claim that the
Barreras' conflict of interest had an adverse effect on specific instances of counsel's performance.
We find nothing in the record to suggest that counsel was ever required to make a choice between
advancing his client's interest or advancing his own to the detriment of his client.

Inflated Plea

 Martinez also notes that because the enhancement paragraphs were defective the State could
not have actually enhanced his case to habitual status in the indictment. Because he was misinformed
about the benefit he was receiving from the plea bargain, Martinez argues that his plea was not
voluntarily entered as he would not have plead guilty had he realized that this "offer of leniency was
hollow." Martinez, however, has not introduced any evidence indicating that he could have, in fact,
gotten a better plea bargain. Further, a claim for ineffective assistance of counsel is not established,
nor is a plea involuntarily entered, simply because the defendant asserts that he did not receive the
best plea bargain possible. Thus, Martinez has not shown that by failing to inform him that the
enhancement paragraphs were defective, counsel's advice was not within the range of competence
demanded of criminal attorneys and that he would not have pleaded guilty as a result of this omission.
See Mills v. State, 799 S.W.2d 447, 449 (Tex. App.--Corpus Christi 1990, pet. ref'd).

Misinformation as to Time to be Served

 Martinez also argues that his plea was involuntarily made because he was misinformed about
the time he would have to serve. He testified that both Bobby and Roy Barrera, Sr. informed him that
he would only have to do one-fourth of the time assessed against him before becoming eligible for
parole. Bobby and Roy Barrera, Sr. both testified that they never gave Martinez this information but
instead told him he would have to do one-half of the time before becoming eligible. Thus, this point
of contention is based on the credibility of the testimony. The trial judge acting as the finder of fact
is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony.
 Granado v. State, 749 S.W.2d 238, 239 (Tex. App.--San Antonio 1988, pet. ref'd). We will not
disturb this determination on appeal.

 The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH