NO. 07-99-0106-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 8, 2000

______________________________

FRANCISCO HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 222
ND
 DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-98B-017; HONORABLE EDWARD NOBLES, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Pursuant to a plea bargain agreement, appellant Francisco Hernandez plead guilty to indecency with a child and was sentenced to nine years confinement.  By a sole issue, he contends the trial court erred in accepting his guilty plea because it was given involuntarily due to ineffective assistance of counsel.  Based upon the rationale expressed herein, we affirm.

Appellant was indicted on February 19, 1998, for indecency with a child younger than 17 years of age.  Prior to being indicted, appellant made a voluntary statement to the police in which he confessed the following:

I would like to say that I have touched my daughter [E.H.] before.  The times that this happened I would start to touch [E.] over her panties and I would then put my hand underneath her panties and I would rub on her private parts, where she pee’s from.  I have only done this about ten (10) times.  I have always used my hand and never my fingers or anything else.  As far as [V.H.] I have never touched her breast or anything like that, I have rub [sic] her stomach before but nothing else.  I have never done anything to my niece, [B.H.].  I am not sure when this all started but I know that it has only been ten (10) times, and my wife [H.H.] has never caught me doing this.

 After several consultations with his retained counsel, Mr. Kent Canada, on February 9, 1999, appellant plead guilty to the offense and received a nine year sentence.  Because the sentence imposed by the trial court was that recommended by the State, the judge announced, “I am not giving you permission to appeal your case to the Court of Appeals.”  Represented by new counsel, appellant asserted in his motion for new trial that his guilty plea was not freely or voluntarily given because he was denied effective assistance of counsel.  Following a hearing, the trial court overruled appellant’s motion announcing that “the Defendant was very well represented by Mr. Canada.”  Appellant filed a general notice of appeal complaining of the judgment and conviction rendered against him.

Before reviewing appellant’s sole issue that the trial court erred in accepting his guilty plea because it was given involuntarily due to ineffective assistance of counsel, we must address the State’s contention that we do not have jurisdiction to entertain this appeal because appellant filed a general notice of appeal.  In this State, an appellant has the substantive right to appeal the voluntariness of his plea.  
See
 Flowers v. State, 935 S.W.2d 131, 134 (Tex.Cr.App. 1996); 
see also
 Session v. State, 978 S.W.2d 289, 291 (Tex.App.–Texarkana 1998, no pet.).  There is a split of authority among courts of appeals on whether Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure, which became effective September 1, 1997, partially overruled 
Flowers
.
(footnote: 1)  In conformity with 
Flowers
, 935 S.W.2d at 134, which we believe remains viable even after the amendments to the Texas Rules of Appellate Procedure, and this Court’s decision in Vidaurri v. State, 981 S.W.2d 478, 479 n.1 (Tex.App.–Amarillo 1998, pet. granted), we hold that voluntariness of the plea may be raised by a general notice of appeal and find we have jurisdiction to address the merits of appellant’s claim.

Appellant contends his plea was involuntary because he was denied effective assistance of counsel.  Specifically, he contends his counsel (1) failed to investigate the facts of the case and failed to interview any witnesses; (2) did not file any pretrial motions; and (3) offered him only two choices, (a) plead guilty and receive a nine year sentence, or (b) go to trial and receive a twenty year sentence.  We must review the ineffective assistance of counsel claim by the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under 
Strickland
, as adopted in full in Texas in Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App. 1986), a defendant must establish that (1) counsel’s performance was deficient (
i.e.
, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Ladd v. State, 3 S.W.3d 547, 565 (Tex.Cr.App. 1999), 
cert. denied
, __U.S.__, 2000 WL 381523 (April 17, 2000) (No. 99-7472).

When a defendant enters a plea of guilty upon the advice of counsel and subsequently challenges the voluntariness of that plea based on ineffective assistance of counsel, the voluntariness of the plea depends on (1) whether counsel’s advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.  Ex Parte Morrow, 952 S.W.2d 530, 536 (Tex.Cr.App. 1997), 
cert. denied
, 525 U.S. 810, 119 S.Ct. 40, 142 L.Ed.2d 31 (1998), citing Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); 
see also
 Ex Parte Wilson, 724 S.W.2d 72, 73 (Tex.Cr.App. 1987).

At the hearing on the motion for new trial appellant testified, while maintaining his innocence, that his confession was given freely and voluntary and that no one forced him to make it.  However, when defense counsel questioned appellant regarding the voluntariness of his confession, the State’s relevance objection was sustained and the confession was admitted solely for the purpose of determining what was available to counsel when advising appellant.  Appellant admitted that Mr. Canada had discussed various options on how to proceed with the case, including the possibility of pleading not guilty and proceeding to trial.  According to appellant, who confirmed that it was his decision on how to proceed, counsel did not force him to accept the plea bargain but advised him it would be better to plead guilty.

Numerous letters written by Kent Canada to appellant spanning a period of five months were introduced into evidence.  Initially, Mr. Canada wrote appellant that the State had made a potential plea offer of  ten years.  By another letter, Mr. Canada explained the seriousness of the charge, the range of punishment, and that if appellant testified in his own defense, his confession would be an obstacle.  In yet another letter, appellant was updated on discussions between Mr. Canada and the District Attorney in which counsel learned that the prosecution had communicated with appellant’s wife, daughter, and other relatives, and that his daughter had accused him of sexual assault.  Counsel also explained that the only possibilities for keeping appellant’s confession from being admitted into evidence were to challenge the incorrect date on the confession or have appellant declared incompetent.  However, according to Mr. Canada, the District Attorney indicated that an attempt to exclude appellant’s statement could result in numerous other indictments regarding accusations of sexual assault by other relatives.  Counsel opined that if the statement was admitted into evidence, appellant would be found guilty and possibly sentenced to 20 years confinement.  Counsel wrote, “
It would be wrong for me to advise you to go to trial
.”  (Emphasis in original).  Copies of counsel’s notes referencing statements made by his daughter and other relatives were enclosed.  

In a five page letter that was hand delivered to appellant on the day before the plea hearing, counsel reiterated information contained in previous letters and explained the difficulty in trying sexual assault cases.  He also discussed examples of sexual assault cases tried to juries in Deaf Smith County where the maximum punishment was imposed.  He wrote that appellant’s wife, daughter, and other relatives would give unfavorable testimony regarding other allegations of molestation and indecent contact.  In his opinion, the matter would be best resolved by accepting the plea offer.

Mr. Canada testified at the motion for new trial hearing that he met with appellant five or six times before the plea hearing and discussed the contents of his letters with appellant.  He further testified that appellant had instructed him not to file a motion to suppress his confession and that for strategic reasons, he did not file any other pretrial motions.   In his experience in handling pleas, it is possible for the State to withdraw its plea offer if a motion to suppress or other pretrial motions are filed.  He had also been advised by the District Attorney that the State would pursue ten other indictments against appellant.  Mr. Canada testified that at the end of their meeting on the day before the plea hearing, appellant instructed him to contact the District Attorney’s office and see if the nine year recommendation was still available and that it was appellant’s decision to plead guilty.

Reviewing the adequacy of counsel’s assistance based upon the totality of the representation, Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), 
cert. denied
, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995), and given the seriousness of the confession made by appellant, we find that Mr. Canada’s advice was within the range of competence demanded of attorneys in criminal cases and thus, we need not address the second prong of 
Hill
 that, but for counsel’s errors, appellant would not have pleaded guilty and would have insisted on going to trial.  
Ex Parte Morrow
, 952 S.W.2d at 536.  We find that appellant’s guilty plea was not involuntary due to ineffective assistance of counsel.  Appellant’s sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
The Fort Worth and Waco courts of appeals have held that Rule 25.2(b)(3) overrules 
Flowers.  See
 Villanueva v. State, 977 S.W.2d 693 S.W.2d 695 (Tex.App.–Fort Worth 1998, no pet.); Long v. State, 980 S.W.2d 878 S.W.2d 878 (Tex.App.–Fort Worth 1998, no pet.); Elizondo v. State, 979 S.W.2d 823 (Tex.App.–Waco 1998, no pet.); 
but see
, Moore v. State, 4 S.W.3d 269 (Tex.App.–Houston [14
th
 Dist.] 1999, no pet. h.); Minix v.State, 990 S.W.2d 922 (Tex.App.–Beaumont 1999, pet. ref’d); Price v. State, 989 S.W.2d 435 (Tex.App.–El Paso 1999, pet. ref’d); Hernandez v. State, 986 S.W.2d 817 (Tex.App.–Austin 1999, pet. ref’d); Luna v. State, 985 S.W.2d 128 (Tex.App.–San Antonio 1998, pet. ref’d); Vidaurri v. State, 981 S.W.2d 478 (Tex.App.–Amarillo 1998, pet granted); Heiligmann v. State, 980 S.W.2d 713 (Tex.App.–San Antonio 1998, no pet.); Session v. State, 978 S.W.2d 289 (Tex.App.–Texarkana 1998, no pet.); Johnson v. State, 978 S.W.2d 744 (Tex.App.–Eastland 1998, no pet.); Pearson v. State, 974 S.W.2d 63 (Tex.App.–San Antonio 1998, 
rev’d on other grounds
, 994 S.W.2d 176 (Tex.Cr.App. 1999); Kinney v. State, 974 S.W.2d 296 (Tex.App.–San Antonio 1998, no pet.) (holding 
Flowers
 applicable to challenges of the voluntariness of a plea of guilty or nolo contendere).