# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00726-CR

**Ivan Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CR5778, HONORABLE DAN H. MILLS, JUDGE PRESIDING

## O P I N I O N

A jury found appellant Ivan Johnson guilty of indecency with a child by contact and assessed punishment at five years' imprisonment. *See* Tex. Penal Code Ann. § 21.11 (West 2003). On the jury's recommendation, the trial court suspended imposition of sentence and placed appellant on community supervision. In his only point of error, appellant contends that the court erred by modifying the conditions of supervision after hearing victim statements. We will affirm the judgment.

The record contains a formal bill of exception. *See* Tex. R. App. P. 33.2. We quote it in full:

> Defendant IVAN JOHNSON, was convicted in Count 2 of Indecency with a Child on September 27, 2006. The victim in this count was 10-year-old [B.L.] Defendant was acquitted that same day in Count 1 of Indecency with a Child alleged to have been committed against 9-year-old [S.D.]

The jury returned its verdict on punishment on September 28, 2006, after the presentation of witnesses and argument of counsel. After the Court imposed a sentence of probation in accordance with the jury's verdict, [K.L.] and [M.B.] were allowed to make a statement in open court pursuant to Article 42.03 of the Code of Criminal Procedure.[1]

[K.L.], the mother of [B.L.] read her own written statement in open court in the presence of the Court, the Defendant, his attorneys, and the prosecutor and members of the audience. This written statement was directed to the Defendant and described how the offense had affected her and her daughter, [B.L.], and stated or strongly inferred that the Defendant had sexually abused his own granddaughter as well as others. Upon finishing her own statement, [K.L.] then read a written statement prepared by her daughter, [B.L.]. The statement, like her mother's, described the effects this offense had on her and the negative feelings she now had for the Defendant.

[M.B.] then read her written statement in the presence of the Court, the Defendant, his attorneys, and the prosecutor and members of the audience. [M.B.] is the mother of [S.D.], the alleged 9-year-old victim in Count 1. [M.B.'s] statement was similar to [K.L.'s] statement expressing the effects the Defendant's actions had on her and her daughter and the negative feelings [M.B.] had for the Defendant. Upon finishing her own statement, [M.B.] stated that [S.D.] also had written a statement but that she and [S.D.] were too traumatized to read it. The Court then volunteered to read [S.D.'s] statement aloud and did so at that time. This statement, like the others, described in detail how the Defendant's actions violated her trust in him, the effects his actions caused her and her mother and her feelings for the Defendant as a result of his actions.[2]

Immediately after the Court read [S.D.'s] statement in open court he proceeded to impose additional conditions of probation including the requirement

---

[1] Tex. Code Crim. Proc. Ann. art. 42.03, § 1(b) (West 2006).

[2] In light of appellant's acquittal on count one, one might question whether S.D. was a victim within the meaning of article 42.03. Appellant does not raise this issue, and we express no opinion on the matter.

that the Defendant serve 180 days in the county jail.[3]  In accordance with Article 42.03, the reading of the four statements was not transcribed by the court reporter.[4]

The bill of exception contains most of the facts pertinent to appellant's point of error.  It should be added that after receiving the punishment verdict and dismissing the jury, the court announced: "[I]t is the sentence of this Court that you be placed on probation for a term of five years and a fine of $5,000 that will be probated also.  You will be placed upon the standard conditions of probation and the ones this [sic] apply to sex offenders."[5]  It was at this point that the victim statements were made.

Under article 42.03, the trial court must permit a victim or a victim's close relative or guardian to "appear in person to present to the court and to the defendant a statement of the person's views about the offense, the defendant, and the effect of the offense on the victim." Tex. Code Crim. Proc. Ann. art. 42.03, § 1(b) (West 2006).  "The court reporter may not transcribe the statement." *Id*.  There is no requirement that the victim statement be sworn, and the statute does not provide for cross-examination.  "The statement must be made :  (1) after punishment has been assessed and the court has determined whether or not to grant community supervision in the case; (2) after the court has announced the terms and conditions of the sentence; and (3) after sentence is pronounced." *Id*.

---

[3] Although the bill of exception refers to additional conditions, the record otherwise reflects that the only arguable additional condition imposed by the court was the 180-day jail term.  This is the only condition appellant challenges in this appeal.

[4] The victim statements were apparently written in advance of trial.  The written versions were made a part of the appellate record by order of the district court on appellant's motion.

[5] We do not know if the "standard conditions of probation" referred to by the court are the basic conditions set out in the community supervision statute or the conditions that are routinely imposed in Llano County.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 11 (West 2006).  If the latter, there is no evidence as to what those conditions are.

3

Article 42.03 allows a victim statement only after sentencing in order to alleviate any risk that the statement might affect the partiality of the fact finder at the punishment phase. *Garcia v. State*, 16 S.W.3d 401, 408 (Tex. App.—El Paso 2000, pet. ref'd). A victim statement pursuant to article 42.03 "can best be thought of as an opportunity for the victim to vent his or her feelings in a public forum about the offense and the defendant." 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 38.84 (2d ed. 2001). The statement is not evidence and is intended to have no effect on decisions made in the criminal process. *Id.*

Appellant contends that the trial court violated article 42.03 by modifying the conditions of supervision after hearing the victim statements, adding the requirement that he serve 180 days in jail. In overruling appellant's objection on this ground, the trial court stated, "[T]his Court sat through the whole trial and heard all of the evidence that was in the trial, which clearly included what I read and what basically was stated. I mean, the Court could logically deduce most of what was read in that victim impact statement. That did not influence this Court in determine [sic] to sentence him to 180 days in the county jail because I had not imposed what conditions of probation I was going to impose."

There is an ambiguity in article 42.03 with regard to its application in community supervision cases. There is no sentence when community supervision is granted; instead imposition of sentence is suspended. Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3, 4 (West 2006). "In other words, community supervision is an arrangement *in lieu of* the sentence, *not as part of* the sentence." *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). Although article 42.03, section 1(b) clearly provides that victim statements must be made after the decision to grant community supervision has

4

been made, it is unclear whether victim statements must be made after the terms and conditions of community supervision have been announced and after sentence has been suspended.

We need not resolve this ambiguity in this case. Jail time as a condition of community supervision is authorized by statute and is within the trial court's discretionary authority to impose or not. Tex. Code Crim. Proc. Ann. art. 42.12, § 12(c) (West 2006); *Fielder v. State*, 834 S.W.2d 509, 511 (Tex. App.—Fort Worth 1992, pet. ref'd). Section 12(c) permits the trial court to impose confinement in jail as a condition of supervision when placing the defendant on supervision or "at any time during the supervision period." Tex. Code Crim. Proc. Ann. art. 42.12, § 12(c). Thus, even if the conditions of supervision must generally be determined and announced before any victim statement is made, section 12(c) of the community supervision statute creates an exception to this rule. The court below was and remains authorized to impose jail time as a condition of appellant's community supervision at any time during the five-year supervision period. Under the circumstances, if the court's determination to impose the jail time condition was made after the victim statements were made, it was at most harmless error.

The point of error is overruled and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 19, 2007

Publish