

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00152-CR

_____


HEATHER CHERIE DUNAWAY, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34619-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Heather Cherie Dunaway appeals the trial court's decision to revoke her community supervision for the crime of possessing more than one gram but less than four grams of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Vernon Supp. 2007) (defining methamphetamine as penalty group 1 substance), § 481.112(c) (Vernon 2003) (criminalizing possession of penalty group 1 substances). Dunaway pleaded "true" to violating the conditions of her community supervision as alleged in the State's amended motion to revoke. Dunaway now raises two issues. We overrule both issues and affirm the trial court's judgment.

## I.   Factual and Procedural Background

On April 16, 2007, Dunaway pled guilty to possessing more than one gram but less than four grams of methamphetamine and reserved her right to have a jury assess her punishment. The following day, a jury was selected, considered her testimony, and ultimately assessed her punishment at ten years' imprisonment and a fine of $5,000.00. The jury further found that Dunaway has never been convicted of a felony and recommended the prison sentence be probated.[1] The trial court, in reading the jury's verdict, also noted that the jury had included additional recommendations with its punishment verdict. Those recommendations included that Dunaway "[a]ttend AA and/or NA twice a week with accountability," maintain "[v]erifiable employment," "[a]ttend parenting class[es,]" be tested for illegal drug use on a monthly basis, and have monthly face-to-face meetings with a

---

[1]The jury did not recommend that the fine portion of Dunaway's sentence be probated.

community supervision officer. The trial court then recessed the case to allow Dunaway to meet with a community supervision officer so that a presentencing report could be prepared for the trial court's consideration.

The next morning, on April 18, the trial court heard recommendations from both the Gregg County District Attorney and from Dunaway's trial counsel regarding additional conditions of community supervision. In addition to the jury's recommended conditions, the trial court further ordered that Dunaway complete four hours of community service each month, that she spend fifteen consecutive weekends in the Gregg County Jail, and that she not consume any alcohol during the period of community supervision. The trial court also imposed other "standard" conditions of community supervision that were typically ordered by the 124th Judicial District Court. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2007) (outlining community supervision available conditions).

The State subsequently filed both an application and an amended application to revoke Dunaway's community supervision. The trial court conducted a hearing on the amended application on August 16, 2007, at which Dunaway pled "true" to having violated her conditions of community supervision as alleged in the State's amended revocation motion. The trial court subsequently found the State's allegations to be "true," revoked Dunaway's community supervision, and imposed the original ten-year prison sentence and $5,000.00 fine.

**II. Was the Trial Court Authorized to Impose Additional Conditions of Community Supervision?**

In her first point of error, Dunaway contends the trial court's authority under Article 42.12, Section 12 of the Texas Code of Criminal Procedure to set the conditions of community supervision must be held to be subordinate to the jury's authority under Article 42.12, Section 4 of the Texas Code of Criminal Procedure to set the conditions of community supervision; based on such subordination, contends Dunaway, the trial court was without authority (and therefore erred) when it imposed an additional condition of community supervision on Dunaway that had not been recommended by the jury. The thrust of Dunaway's contention is that, because the jury did not include the requirement that Dunaway serve weekends in jail as a part of the jury's list of recommended supervision conditions, the trial court was without authority to impose such an additional condition.

Section 10 of Article 42.12 outlines a trial court's authority to impose, modify, or revoke community supervision. That provision's first sentence states, "*Only the court* in which the defendant was tried may grant community supervision, *impose conditions*, revoke the community supervision, or discharge the defendant, unless the judge has transferred jurisdiction of the case to another court with the latter's consent." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 10(a) (emphasis added). Another provision within Article 42.12 provides,

> *The judge* of the court having jurisdiction of the case *shall determine* the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions. *The judge may impose any reasonable*

4

*condition* that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (emphasis added).

The clear language in multiple provisions of Article 42.12 grants exclusive authority to set the conditions of community supervision to the presiding jurist of the trial court in which the defendant was tried. The jury's recommended conditions of community supervision were, therefore, just that: mere recommendations. The authority to set community supervision conditions is not, nor has it ever been, vested with a jury. Accordingly, because our law makes clear that such power lies with the trial court rather than the jury, we conclude the trial court did not err by revoking Dunaway's probated sentence based on a condition of community supervision that had not been recommended by her punishment jury but which had nonetheless been imposed by the duly authorized trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(c); *cf. Johnson v. State*, 240 S.W.3d 76, 78–79 (Tex. App.—Austin 2007, pet. granted) ("Jail time as a condition of community supervision is authorized by statute and is within the trial court's discretionary authority to impose or not.").

We overrule Dunaway's first point of error.

## III. Did Insufficient Evidence Support the Trial Court's Revocation Decision?

In her second point of error, Dunaway contends evidence is insufficient to support the trial court's decision to revoke her community supervision. More specifically, she argues that, because she only pled true to violating community supervision conditions that had not been recommended by the jury, because those additional conditions (added and imposed by the trial court) were "void,"

5

and because she cannot be lawfully held to have violated a "void" condition of community supervision, then her plea of "true" fails to satisfy the requirement that she violated any properly imposed condition of community supervision that originated with the jury rather than the trial court.

As stated above, our law grants exclusive authority to set the terms and conditions of community supervision with the trial court—not the jury. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 10–12. Accordingly, because such authority resides in the trial court, the trial court could lawfully impose conditions beyond those recommended by the jury.[2] The additional terms placed on Dunaway by the trial court, which were beyond those terms recommended by the jury, were therefore not void. They could thus form the proper basis for revocation on Dunaway's plea of "true" to having violated those terms. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd); *Jones v. State*, 112 S.W.3d 266, 269 (Tex. App.—Corpus Christi 2003, no pet.). Dunaway's contention to the contrary is without merit.

---

[2]We do not believe Article 42.12 would have prohibited the trial court from ignoring any of the jury's recommendations regarding community supervision conditions, should the trial court have chosen to do so—especially in light of the trial court's legislatively imposed duty to insure that *all* community supervision terms are designed to "protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a).

**IV.      Conclusion**

For the reasons stated, we overrule Dunaway's appellate issues and affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:     July 14, 2008
Date Decided:       July 15, 2008

Do Not Publish